## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

STEPHANIE RAMOS,
an individual,

                                     Case No.:

       Plaintiff,

v.

BARCLAYS BANK DELAWARE,
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

       Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, STEPHANIE RAMOS (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, BARCLAYS BANK DELAWARE (hereinafter, "Barclays"), EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "TransUnion") (hereinafter collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by an individual consumer for damages for Barclays's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Barclays improperly credit-reported and subsequently verified objectively-inaccurate information related to two consumer debt accounts allegedly owed to Barclays, respectively, on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by Equifax, Experian, and TransUnion.

2.     Additionally, this is an action for damages for Equifax, Experian, and TransUnion's violations of the FCRA wherein Equifax, Experian, and TransUnion each continued to incorrectly report such accounts as derogatory, negative, or adverse accounts despite Plaintiff's repeated disputes to Equifax, Experian, and TransUnion explaining and proving that such accounts should be reported as paid and closed.

## **JURISDICTION, VENUE & PARTIES**

3.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

4.     Defendants are subject to the jurisdiction of this Court, as Barclays, Equifax, Experian, and TransUnion each regularly transact business in this District.

5.     Venue is proper in this District as Defendants each regularly conduct business in this District, and the acts and transactions described herein occur in this District.

6.     At all material times herein, Plaintiff is a natural person residing in Miami-Dade County, Florida.

7.      At all material times herein, Barclays is a national bank with its principal place of business located at 125 S West St, Wilmington, DE 19801-5014.

8.      At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

9.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.     At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

11.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13.     Under the FCRA, if a consumer disputes the completeness or accuracy

of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

14.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

15.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5).

16.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other

consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

19.     At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual and allegedly obligated to pay a debt.

20.     At all material times herein, Barclays, themselves and through their subsidiaries, each regularly services consumer credit and credit-reports information associated with the same in Miami-Dade County, Florida.

21.     At all material times herein, Barclays is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by

15 United States Code, Section 1681s-2.

22.     At all material times herein, Barclays reports information concerning a credit card account to Equifax, Experian, and TransUnion, including but not limited to, tradeline accounts related to an alleged Barclays account referenced by account number ending -7492 (hereinafter, the "Account").

23.     Notwithstanding Plaintiff's timely payments according to the above-referenced settlements, Barclays failed to accurately report the Account as being paid to Equifax, Experian, and TransUnion, and instead reported the Account as a delinquent account and/or with an amount remaining due.

24.     At all material times herein, Barclays furnishes incorrect and/or incomplete information concerning the Accounts to Equifax, Experian, and TransUnion—continuing after Plaintiff's repeated disputes—despite Barclays knowing that Plaintiff paid the Account in full.

25.     Barclays both furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

26.     At all material times herein, Equifax, Experian, and TransUnion are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing

consumer reports. Equifax, Experian, and TransUnion disburse such consumer reports to third parties under contract for monetary compensation.

27.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

28.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

**FACTUAL ALLEGATIONS**

**SETTLEMENT AGREEMENTS WITH BARCLAYS**

29.     Prior to or about 2018, Plaintiff obtained a credit card account with Barclays (i.e. the "Account").

30.     During or about 2018, Plaintiff closed the Account with Barclays.

31.     Plaintiff was to continue making monthly payments on the Account after it was closed until the balance was paid in full.

32.     During or about August 2022, Plaintiff received an alert that the Account had been closed.

33.     To be clear, the Account had been closed since 2018 and Plaintiff had been making monthly payments on the Account to satisfy the Account balance.

34.     During or about August 2022, Plaintiff discovered that the personal information on the Account had been changed to another person's name: Stephanie Muguira.

35.     Additionally, all contact information regarding the Account had likewise

been changed to that of Stephanie Muguira.

36.     To be clear, Plaintiff's correct identity is Stephanie Ramos and she is not and never has been referred to or identified as Stephanie Muguira.

37.     On or about August 23, 2022, and upon information and belief, Plaintiff received a notification that her credit score had been reduced due to the Account being closed and an alleged "delinquency" for non-payment beginning in September 2021.

38.     To be clear, Plaintiff had made all monthly payments in full and in a timely manner.

39.     On or about August 24, 2022, and upon information and belief, Plaintiff disputed the information regarding the Account to Experian by telephone.

40.     On or about August 26, 2022, and upon information and belief, Plaintiff disputed the incorrect name and address information associated with the Account to Barclays by telephone.

41.     On or about September 27, 2022, and upon information and belief, Plaintiff *again* disputed the incorrect information associated with the Account to Barclays by telephone.

42.     On or about October 24, 2022, and upon information and belief, Plaintiff *again* disputed the incorrect information associated with the Account to Barclays by telephone.

43.     On or about November 19, 2022, and upon information and belief, Plaintiff *again* disputed the incorrect information associated with the Account to Barclays by telephone.

44.     On or about August 21, 2023, and upon information and belief, Plaintiff paid off the final balance owed on the Account.

45.     As such, as of August 21, 2023, Plaintiff no longer owed a balance on the Accounts.

46.     Despite Plaintiff satisfying all balances owed on the Account no later than August 21, 2023, Barclays failed to report the Account to the national credit bureaus as being paid in full and instead reported the Account as a delinquent payment obligation with negative and adverse payment history and/or with a balance due and past due.

## PLAINTIFF'S DISPUTES

47.     Prior to September 2023, Plaintiff disputed the credit reporting of the Account to Equifax, Experian, and TransUnion.

48.     On or about September 19, 2023, Plaintiff obtained copies of her credit disclosure reports as maintained by Equifax, Experian, and TransUnion. Please see attached a true and correct copy of the relevant pages of Plaintiff's September Credit Reports as Composite **Exhibit "A".**

49.     Despite making each monthly payment timely and in full each month, Equifax, Experian, and TransUnion reported the Account with negative and adverse payment history, asserting that the Account was 30 days or more past due and/or with a balance due and past due.

50.     More specifically, Experian reported the Account as 30 days late for the months of September 2021 through July 2022 and August 2023, 60 days late in

September 2022, and 90 days late in October and November 2022 with a balance due of $199 and a balance past due of $25.

51.    Similarly, TransUnion and Equifax reported the Account as 30 days late for the months of September 2021 through July 2022 and August 2023, 60 days late in September 2022, and 90 days late in October and November 2022.

52.    On or about September 25, 2023, Plaintiff sent a written dispute letter to Equifax, Experian, and TransUnion disputing the credit reporting of the Account, advising that the Account had been paid on time and in full with no balance remaining and demanding that Equifax, Experian, and TransUnion investigate and update accordingly (hereinafter, "Plaintiff's Written Dispute"). Please see attached a true and correct copy of Plaintiff's Written Dispute as **Exhibit "B".**

53.    Additionally, Plaintiff included proof of her timely payments for the full balance owed each month.

54.    Equifax received Plaintiff's Written Dispute.

55.    Equifax communicated Plaintiff's Written Dispute to Barclays, including all enclosed documents.

56.    Barclays received Plaintiff's Written Dispute from Equifax.

57.    Experian received Plaintiff's Written Dispute.

58.    Experian communicated Plaintiff's Written Dispute to Barclays, including all enclosed documents.

59.    Barclays received Plaintiff's Written Dispute from Experian.

60.    TransUnion received Plaintiff's Written Dispute.

61.    TransUnion communicated Plaintiff's Written Dispute to Barclays, including all enclosed documents.

62.    Barclays received Plaintiff's Written Dispute from TransUnion.

63.    On or about October 5, 2023, in response to Plaintiff's Written Dispute, Equifax sent a letter to Plaintiff, purportedly verifying its reporting of the Account.

64.    On or about October 7, 2023, in response to Plaintiff's Written Dispute, TransUnion sent a letter to Plaintiff, purportedly verifying its reporting of the Account.

65.    On or about October 10, 2023, in response to Plaintiff's Written Dispute, Experian sent a letter to Plaintiff, purportedly verifying its reporting of the Account.

66.    As of the date of this Complaint, Equifax, Experian, TransUnion, and Barclays continue to report the Account on Plaintiff's credit reports and in Plaintiff's credit files as a negative, derogatory, and adverse account with a significant—and inaccurate—balance due and past-due.

## DAMAGES

67.    As a result of Defendants' unlawful reporting of the Account, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Accounts, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

68.    Overall, Plaintiff suffered damage to her credit reputation as a result of Defendants' conduct.

69.    Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter

against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

70.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

71.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account as an existing payment obligation with balances due and past due resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

72.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite satisfying the balances on the Accounts in full and in a timely manner, Plaintiff must simply endure Defendants' unlawful reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(as to Barclays)**

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

73.     Barclays is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Equifax, Experian, and Trans Union correct the Account on Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

74.     As described above, Plaintiff paid the full amount owed and fully resolved the alleged balances owed to Barclays.

75.     Despite Plaintiff paying the alleged debt owed on the Account no later than August 2023, Barclays failed to report the Account to the national credit bureaus as paid with a zero dollar balance owed, and instead, reported the Account as charged off with a balance remaining owed, due, and past due from Plaintiff and with derogatory, negative, and adverse payment information.

76.     In or around September 2023, Barclays received notice of Written Dispute from Equifax, Experian, and TransUnion.

77.     As such, Barclays received notice of Plaintiff's Written Dispute *at least* three times.

78.     Following Plaintiff's Written Dispute, Barclays confirmed and/or verified its reporting to Equifax, Experian, and TransUnion showing that the Accounts

13

was delinquent with balances remaining due and past due, and Barclays still failed to report the Account as paid with a zero dollar balance due.

79.    As of August 2023, Plaintiff no longer owed a balance on the Account pursuant to the final payment for the full remaining balance on the Account.

80.    As such, it is inaccurate and/or materially misleading to report any balance remaining due or past due on the Account.

81.    Barclays's refusal to request that Equifax, Experian, and TransUnion correct the tradeline associated with the Account was intentionally, willfully, and knowingly done as Barclays clearly possessed knowledge of any payments Barclays received in satisfaction of the balances on the Account.

82.    Barclays's re-investigations were not conducted in good faith.

83.    Barclays's re-investigations were not conducted reasonably.

84.    Barclays's re-investigations were not conducted using all information reasonably available to Barclays.

85.    As a result of Barclays's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional credit applications as she believed she would not be able to obtain favorable credit terms as a result of Barclays's derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with balances due and past due resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

14

86.     Barclays's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

87.     Barclays's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT TWO:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
### (as to Equifax, Experian, and TransUnion)

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

88.     Equifax, Experian, and TransUnion are each subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

89.     Equifax, Experian, and TransUnion each willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Accounts.

90.     Despite Plaintiff paying each monthly payment in full and in a timely manner, and despite Plaintiff's repeated disputes advising Equifax, Experian, and

TransUnion of the same and providing proof of those payments, Equifax, Experian, and TransUnion continued to unlawfully report the Account with excessive balances and with negative, derogatory, and adverse payment history resulting in the Account being reported as a derogatory, negative, or adverse accounts.

91.    Such reporting of the Account is false and evidences Equifax, Experian, and TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

92.    Overall, Equifax, Experian, and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Equifax, Experian, and TransUnion credit reports and credit file.

93.    As a result of Equifax, Experian, and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with balances due and past due resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

94.    Equifax, Experian, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages,

16

and harm to Plaintiff as stated herein.

95.     Equifax, Experian, and TransUnion's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE**
**SECTIONS 1681i(a)(1), i(a)(4), and i(a)(5)**
**(as to Equifax, Experian, and TransUnion)**

Plaintiff re-alleges paragraphs one (1) through seventy-two (72) as if fully restated herein and further states as follows:

96.     Equifax, Experian, and TransUnion are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (3) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (4) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

97.     Specifically, Equifax, Experian, and TransUnion each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon

receiving Plaintiff's disputes, as described herein.

98.     For example, rather than conduct their own, independent re-investigations regarding Plaintiff's Written Dispute, Equifax, Experian, and TransUnion solely relied on Barclays's blanket and parroted assertions that they were entitled to report the Account with derogatory and late payment information, including but not limited to the inaccurate, incomplete, and misleading reporting of the Account with erroneous balances remaining due and past due following Plaintiff's payments.

99.     Equifax, Experian, and TransUnion did not request any documents from Barclays corroborating information furnished and/or verified by Barclays regarding Plaintiff and the Account in response to any of Plaintiff's disputes.

100.    Equifax, Experian, and TransUnion's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

101.    Despite receiving Plaintiff's Written Dispute, which included documentation of proof of payments made by Plaintiff in full satisfaction of the Account, allowing Equifax, Experian, and TransUnion to determine that the Account must be corrected on Plaintiff's credit reports and credit file, Equifax, Experian, and TransUnion *continued* to report the Account with erroneous balances remaining due and past due.

102.    As such, Equifax, Experian, and TransUnion's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and Equifax, Experian, and TransUnion failed to

subsequently correct the inaccurate information in Plaintiff's credit reports and credit files.

103.    Such reporting is false and evidences Equifax, Experian, and TransUnion's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

104.    Equifax, Experian, and TransUnion's reinvestigations of Plaintiff's disputes were not conducted reasonably.

105.    Equifax, Experian, and TransUnion's reinvestigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by Barclays.

106.    Equifax, Experian, and TransUnion's reinvestigations of Plaintiff's disputes were not conducted in good faith.

107.    Equifax, Experian, and TransUnion's reinvestigation procedures are unreasonable.

108.    Equifax, Experian, and TransUnion's re-investigations of Plaintiff's disputes were not conducted using all information and documents reasonably available to Equifax, Experian, and TransUnion.

109.    Equifax, Experian, and TransUnion's reinvestigations were *per se* deficient by reason of these failures in Equifax, Experian, and TransUnion's reinvestigations of Plaintiff's disputes and the Account.

110.    As a result of Equifax, Experian, and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making additional credit applications as she believed she would not be

able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account and did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline accounts.

111.   Equifax, Experian, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

112.   Equifax, Experian, and TransUnion's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.   Judgment against Equifax, Experian, TransUnion, and Barclays for maximum statutory damages for violations of the FCRA;

b.   Actual damages in an amount to be determined at trial;

c.   Compensatory damages in an amount to be determined at trial;

d.   Punitive damages in an amount to be determined at trial;

e.   An award of attorney's fees and costs; and

f.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and

their affiliates safeguard all relevant evidence—paper, electronic documents, or data—

pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Jon P. Dubbeld*

**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
11300 4th Street North, Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*